**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 20-2131**

—————————

TERRY EAGLE LIMITED PARTNERSHIP,

       Petitioner,

     v.

MERLE H. PAYNE; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

       Respondents.

—————————

On Petition for Review of an Order of the Benefits Review Board.  (19-0507 BLA)

—————————

Submitted:  June 27, 2022                                        Decided:  October 12, 2022

—————————

Before DIAZ, HARRIS, and RICHARDSON, Circuit Judges.

—————————

Petition denied by unpublished per curiam opinion.

—————————

**ON BRIEF:** Joseph D. Halbert, Crystal L. Moore, SHELTON, BRANHAM & HALBERT, PLLC, Lexington, Kentucky, for Petitioner.  Elena S. Goldstein, Deputy Solicitor, Barry H. Joyner, Associate Solicitor, Jennifer L. Feldman, Deputy Associate Solicitor, Gary K. Stearman, Sarah M. Hurley, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C.; Brad A. Austin, WOLFE WILLIAMS & REYNOLDS, Norton, Virginia, for Respondents.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terry Eagle Limited Partnership ("Employer") petitions this court for review of the Benefits Review Board's (BRB) per curiam decision affirming the Administrative Law Judge's (ALJ) opinion and order granting Merle Payne's ("Claimant") request for modification and awarding Claimant benefits. Employer contends that its due process and equal protection rights were violated* and that the ALJ failed to adequately consider whether granting Claimant's modification request would serve justice under the Black Lung Benefits Act, 30 U.S.C. §§ 901-944 ("Act"). We affirm.

We review an ALJ's ruling on a modification request for an abuse of discretion and will "reverse[] if it was guided by erroneous legal principles, or if the [ALJ] committed a clear error of judgment in the conclusion [he] reached upon a weighing of the relevant factors." *Westmoreland Coal Co. v. Sharpe ex rel. Sharpe*, 692 F.3d 317, 327 (4th Cir. 2012) (internal quotation marks omitted). In addition, de novo reviews applies to conclusions of law. *Frontier-Kemper Constructors, Inc. v. Dir., Off. of Workers' Comp. Programs*, 876 F.3d 683, 687 (4th Cir. 2017). Regarding Employer's claim relating to serving justice under the Act, we have reviewed the record and conclude that the ALJ adequately considered the relevant factors when granting Claimant's modification request

---

* Because Employer did not exhaust its due process and equal protection claims before the ALJ and the BRB, Employer has forfeited review of those claims. *See Edd Potter Coal Co. v. Dir., Off. of Workers' Comp. Programs*, 39 F.4th 202, 206-11 (4th Cir. 2022) (holding that if a party fails to exhaust a claim at the appropriate stage in a proceeding, then the party has forfeited that claim). We therefore decline to address them in the first instance.

2

and awarding benefits.  *See Sharpe v. Dir., Off. of Workers' Comp. Programs*, 495 F.3d 125, 132-33 (4th Cir. 2007) (listing factors).

Accordingly, we affirm the BRB's decision upholding the ALJ's decision and order granting Claimant's modification request.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*